IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **GREGORY L. BEY,** ) | **CASE NO. 3:01CV7385** |
| ) | |
| Petitioner, ) | |
| ) | **JUDGE DAN AARON POLSTER** |
| v. ) | |
| ) | |
| **MARGARET BAGLEY, WARDEN,** ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

Pending before the Court is Petitioner Gregory Bey's ("Bey") Motion for Stay of Execution.  (**ECF No. 46**).  Bey asserts that he was prejudiced by this Court's failure to appoint the Federal Public Defender in time to represent him before the Ohio Parole Board at a hearing that took place on October 16, 2008.  Counsel from the Ohio Public Defender, who Bey claims was ill-prepared, represented Bey during that hearing.  Bey now argues that counsel from the Federal Public Defender requires time to review his case and file supplemental briefs in his State clemency proceedings as well as to determine whether to raise additional claims in this Court.  He asks the Court for a sixty (60) day stay of his November 19, 2008, execution date.

Respondent has filed an opposition to the Motion.  (ECF No. 47).  Therein, Respondent contends that this Court has no jurisdiction on which to issue a stay of execution.  She observes that Bey has cited no federal authority that would permit this Court to issue a stay when there is no matter pending before it.  Respondent cites to 28 U.S.C. § 2251 to support her assertion, noting that the statute permits the Court to issue a stay "*before final judgment* or after

-1-

final judgment of discharge, *or pending appeal* . . ..*"* (*See id.* at 2 (quoting 28 U.S.C. § 2251).) Because there are no such matters pending in the federal courts, Respondent urges the Court to deny the Motion.

Bey has filed a reply memorandum, arguing that this Court has jurisdiction to stay the execution based on *McFarland v. Scott*, 512 U.S. 849 (1994). (ECF No. 48.) *McFarland* does not support his position. In *McFarland*, the capital defendant, who had never filed a federal habeas petition, filed a *pro se* motion stating that he "wish[ed] to challenge [his] conviction and sentence under [the federal habeas statute,] 28 US.C. § 2254." *Id*. at 852. Thus, he requested appointment of counsel under 21 U.S.C. § 848(q)(4)(B) and a stay of execution to give that counsel time to prepare and file a federal habeas corpus petition. *Id*. Recognizing that there are many things a capital defendant must do prior to filing a federal habeas petition (e.g., retain counsel, investigators and experts), the Supreme Court held that the district court has the authority to stay an execution to ensure the right to a counseled federal habeas corpus proceeding. Here, Bey, who has already fully litigated one federal habeas petition, is asking the Court to stay an execution to give already-appointed counsel "sufficient time to present additional material to the Governor in support of his Application for Clemency and *to develop issues for additional litigation in this court*." (ECF No. 48, at 3 (emphasis added).) *McFarland* does not stand for the proposition that a federal court has jurisdiction to stay an execution in the absence of any federal proceeding.

The Court finds Respondent's argument to be persuasive. Although the Court appointed the Federal Public Defender to serve as counsel during Bey's State clemency proceedings, that decision does not confer it with jurisdiction to stay Bey's execution without

-2-

some issue requiring this Court's adjudication pending before it. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Bey's Motion to Stay Execution (**ECF No. 46**) until such time as Bey initiates some litigation here.

The Court recommends Bey seek a stay of his execution with the State of Ohio to allow him the additional time counsel requests to present supplemental information potentially relevant to clemency proceedings. *See e.g.* Exhibit A. This request should be presented to Governor Strickland and, in fact, it already has been. Clemency is purely a state matter. It is not for this Court to decide what the Governor wants to consider in a matter that is purely under his discretion. He should determine whether he wants to review the additional information that Petitioner seeks to present to him. If he chooses to review this additional information, he alone has the power to determine whether to stay the execution. There is no pending federal matter for the Court to rule on.

**IT IS SO ORDERED.**

 */s/Dan Aaron Polster    November 14, 2008*
**Dan Aaron Polster**
**United States District Judge**